UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-CV-10392-RWZ

KISHA ROBINSON

v.

TRIPLE S and DOES 1-100

MEMORANDUM & ORDER

September 19, 2022

ZOBEL, S.D.J.

Plaintiff, Kisha Robinson filed this action on March 14, 2022, alleging negligence, breach of express warranty, and breach of implied warranty[1] against disinfectant manufacturer, Defendant Triple S,[2] which now moves to dismiss for failure to state a claim because the claims are time-barred. Docket # 8. The motion is allowed.

Plaintiff was working as a surgical technician at Shawnee Mission Medical Center in Kansas in November 2018 when it began purchasing Perisept Sporicidal Disinfectant Cleaner ("Perisept")—a product manufactured by Triple S. From that time, Plaintiff regularly used Perisept to clean surgical instruments. Almost immediately she experienced adverse symptoms, including "respiratory problems, consistent coughing, and difficulty breathing," which "worsened as she continued to be exposed to [] Perisept." Docket # 1 at ¶ 23. She attributed these symptoms to her exposure to the disinfectant

---

[1] Plaintiff agreed to dismiss her claim for punitive damages.
[2] Defendant asserts that it is misnamed as "Triple S" in the complaint and that its proper name is Standardized Sanitation Systems, Inc. See Docket # 9.

1

and complained to her employer on numerous occasions. Several times she had to go to the emergency room and in March 2019 "was hospitalized for six (6) days due to her respiratory issues associated with the chemical product." Id. at ¶ 26. After her hospitalization, Plaintiff returned to work but "immediately began suffering from respiratory/breathing issues . . . ." Id. at ¶ 27. She quit her job at Shawnee Mission Medical Center on March 15, 2019 "because of her exposure to Perisept." Id. at ¶ 28.

The parties agree that each of the claims is subject to a three-year statute of limitations, but dispute when the cause of action accrued. In Massachusetts, tort-based claims accrue when the plaintiff discovered or reasonably should have discovered the injury. Maffeo v. White Pine Investments, 537 F.Supp.3d 45, 48 (D. Mass. 2021). A diagnosis is not required to put a plaintiff on notice of her cause of action. See Riley v. Presnell, 409 Mass. 239, 243 (1991) (Plaintiff "need not apprehend the full extent or nature of [her] injury in order for a cause of action to accrue").

Plaintiff asserts that the action accrued in May 2020, when she was diagnosed with reactive airway disease, or alternatively, on March 15, 2019, when she quit her job. However, the complaint alleges harm from her Perisept exposure as early as November 2018. Docket # 1 at ¶ 23. In addition, Plaintiff's complaints to her employer about Perisept, her frequent emergency room trips due to Perisept exposure, and her six-day hospitalization stemming from such exposure all occurred *before* March 14, 2019. Though the complaint does not indicate the exact date Plaintiff returned to work, she alleges that she quit on March 15, 2019 and that she had returned to work before that date. Thus, her claims as pled indicate that prior to March 14, 2019, she knew, or should

2

have known, that Perisept was causing her harm.  See Maffeo, 537 F.Supp.3d at 47–48.

She was therefore required to file her complaint before March 14, 2022.

Defendant's Motion to Dismiss (Docket # 8) is ALLOWED.

   September 19, 2022                               /s/ Rya W. Zobel
         DATE                                       RYA W. ZOBEL
                                                  UNITED STATES DISTRICT JUDGE